IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2008 MAY -9 PM 1:44

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| HUGO SIDA<br>on behalf of himself and<br>others similarly situated<br>Plaintiff, § § § § § | |
| v. § § | Cause No. _____ |
| PROCOLLECT, INC.;<br>and JOHN and/or JANE DOES 1-10<br>Defendant(s) § § § § | EP08CA0164 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Hugo Sida, brings this action against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question) and 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction in this District are proper because Defendants' collection communications and activities occurred within the District, impacted Plaintiff within this District, and Defendants do or transact business within this District.

### PARTIES

4. Plaintiff Hugo Sida is a natural person who resides in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ProCollect, Inc., is a Texas corporation with offices at 12170 Abrams Road, Suite 100, Dallas, TX 75243.

6. Defendant ProCollect, Inc. is engaged in the collection agency business.

7. ProCollect, Inc. is a "debt collector" as defined in the FDCPA.

8. Defendants John and/or Jane Does No. 1-10 are employees of ProCollect and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

10. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTS

11. Defendant ProCollect, Inc. sought to collect from plaintiff Hugo Sida an alleged lease debt allegedly owed to another.

12. Any such debt would have been incurred for personal, family or household purposes.

13. On or about April 7, 2008, defendant sent plaintiff Hugo Sida the collection letter attached as Exhibit A.

14. Exhibit A was the first letter plaintiff received from defendant concerning the alleged debt described therein.

15. Upon information and belief, Exhibit A is the first letter defendant sent to plaintiff concerning the alleged debt described therein.

16. Exhibit A is a form letter, regularly sent by defendant as the initial letter it sends to a putative debtor.

17. Exhibit A demands payment "now" to avoid negative credit reporting or the filing of suit. It concludes, "DO NOT DELAY. PROMPT PAYMENT CAN PREVENT ANY FUTURE COLLECTION ACTIVITIES."

## VIOLATIONS ALLEGED

18. Exhibit A violates 15 U.S.C. §1692g, in that it contradicts and overshadows the notice of rights required by 15 U.S.C. §1692g.

2

19. Section 1692g provides:

>(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
>(1) the amount of the debt;
>
>(2) the name of the creditor to whom the debt is owed;
>
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
>(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
>(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USC §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USC §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

20. <u>Exhibit A</u> also violates Tex. Finance Code §392.304(a)(5).

## CLASS ALLEGATIONS

21. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

22. The class consists of (a) all individuals with Texas addresses (b) who were sent a letter in the form represented by Exhibit A, (c) which letter was sent on or after a date one year prior to the filing of this action and not more than 20 days after the filing of this action.

23. The class is so numerous that joinder of all members is not practicable.

24. There are more than 40 individuals with Texas addresses who were sent a letter in the form represented by Exhibit A, which letter was sent on or after a date one year prior to the filing of this action and not more than 20 days after the filing of this action.

25. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

28. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Class members are likely to be unaware of their rights.

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

_____
**SCOTT A. VOGELMEIER**

Scott A. Vogelmeier
LAW OFFICE OF SCOTT A. VOGELMEIER
1112 Myrtle Avenue
El Paso, TX 79901
(915) 544-3100
(915) 577-0160 (FAX)


James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


**JURY DEMAND**

Plaintiff demands trial by jury.

_____
**SCOTT A. VOGELMEIER**

5

# ProCollect
INCORPORATED

P.O. Box 550369
Dallas, Texas 75355-0369
(214) 341-7788
(800)839-8186

April 7, 2008


EXHIBIT A

HUGO SIDA
1832 DEAN MARTIN
EL PASO, TX 79936

| | |
|---|---|
| Creditor: | SAN MONTEGO / VALLE SERENO APTS |
| Account #: | 46563-001-712668 |
| Customer #: | J17 |
| Amount Due: | $1,585.70 |

Dear   HUGO SIDA

Your account has been referred to our office for immediate attention.  It is important that you Pay this Debt in full now or we may recommend the following action be taken:

1. **A negative report to the Credit Bureaus showing your account as a bad debt, which can remain on your file up to seven (7) years.**
2. **A lawsuit filed against you for the above referenced amount, plus attorney fees, court costs, and filing fees.**

IMPORTANT!!!  CREDIT INFORMATION IS NOW BEING ACCESSED FOR EMPLOYMENT HIRING & APARTMENT QUALIFYING. DO NOT DELAY.  PROMPT PAYMENT CAN PREVENT ANY FUTURE COLLECTION ACTIVITIES.

Sincerely,

Curt Bond

Si  necesita ayuda para traducir o leer esta notification por favor llamenos immediatamente para asistirlo en espanol.

**PAY YOUR BILL ON-LINE AND QUESTIONS REGARDING YOUR ACCOUNT VISIT:   WWW.PROCOLLECT.COM**

This is an attempt to collect a debt.  This communication is from a debt collector. Any information obtained will be used for that purpose. Unless you dispute the validity of this debt or any portion thereof within 30 days of receipt of this notice, we will assume that the debt is valid.  If you notif us in writing within the 30 day period that the debt or any portion thereof is disputed we will mail you a verification of the debt or a copy of the judgement. The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arre or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know th you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment.

---

**Please return this form with your payment.**

| | |
|---|---|
| Name: | HUGO SIDA |
| Account #: | 46563-001-712668 |
| Customer #: | J17 |
| Amount Due: | $1,585.70 |
| Amount Paid: | |